IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

BILLY GENE RIPPEE,                                                                    PETITIONER
Reg. #22906-044

v.                                             2:17CV00017-JLH-JJV

GENE BEASLEY, Warden                                                              RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

## DISPOSITION

### I. PROCEDURAL HISTORY

On November 14, 2006, a jury in the Eastern District of Missouri convicted Petitioner, Billy Gene Rippee, of being a felon in possession of a firearm. *United States v. Rippee*, No. 1:05-cr-00092-JCH-1 (E.D. Mo.); (Doc. No. 2 at 2). The Court sentenced him to 327 months' imprisonment. (*Id.*) Mr. Rippee appealed, and the United States Court of Appeals for the Eighth Circuit affirmed his conviction. *United States v. Rippee*, No. 07-2958, 2009 WL 187941 (8th Cir. January 28, 2009).

On March 17, 2010, Mr. Rippee filed a 28 U.S.C. § 2255 motion to vacate sentence in the Eastern District of Missouri. *Rippee v. United States*, No. 1:10-cv-00050-JCH (E.D. Mo.). The Court denied Mr. Rippee's motion and, on appeal, the Eighth Circuit denied a certificate of appealability. *United States v. Rippee*, No. 12-4042 (8th Cir. April 19, 2013).

Now, Mr. Rippee, an inmate at the Forrest City Federal Correctional Institute, seeks relief from this Court through the filing of a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. (Doc. No. 2.) For the following reasons, I find this Court lacks jurisdiction and recommend that the Petition be dismissed, or transferred to the Eastern District of Missouri.

## II. ANALYSIS

Mr. Rippee argues that his sentence is invalid based on recent holdings by the United States Supreme Court. (*Id.* at 4-5.) However, inmates seeking to challenge the lawfulness of the imposition of their federal convictions and sentences must generally bring a 28 U.S.C. § 2255 motion to the sentencing court. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004). Because a § 2255 petition attacks the validity of the conviction or sentence, it is a "further step in the movant's criminal case," and subject matter jurisdiction lies with the convicting and sentencing court. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986); *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983). In contrast, a § 2241 habeas corpus petition attacks the execution of a sentence, or the manner in which the sentence is being carried out, and is properly brought before the court presiding in the judicial district where the prisoner is incarcerated. *Matheny v. Morrison*, 307 F.3d 709, 711-712 (8th Cir. 2002); *DeSimone*, 805 F.2d at 323; *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009). Therefore, Mr. Rippee's claims attacking his sentence must be brought before the sentencing court in a § 2255 petition.

For this Court to be permitted to invoke jurisdiction over this § 2241 Petition, Mr. Rippee must prove the inadequacy or ineffectiveness of seeking § 2255 relief from the sentencing court. *Abdullah*, 392 F.3d at 959; *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). Mr. Rippee's Petition fails to explain why § 2255 relief is inadequate or ineffective. In his Request for Emergency Expedited Consideration, Mr. Rippee argues this Court should hear his claims, but I find his arguments unpersuasive. Federal sentencing courts are routinely handling § 2255 petitions based on the Supreme Court's holding in *Johnson v. United States*, __ U.S.__, 135 S.Ct. 2551 (2015.)

Because Petitioner may possibly have a claim arising out of the holding in *Johnson*, transferring this case may be the best option. Regardless, the Eastern District of Arkansas lacks

jurisdiction so this Petition must be dismissed or transferred.

### III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Petition for Writ of Habeas Corpus (Doc. No. 2) be dismissed for lack of jurisdiction, and all pending motions be DENIED as moot; or

2. The Petition be transferred to the Eastern District of Missouri.

DATED this 6th day of February, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE